IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | Case No. 4:05-cv-128 |
| | ) | |
| DARRY D. NEFF, a/k/a DARRY DEAN | ) | **FINDINGS OF FACT,** |
| NEFF; BEVERLY A. NEFF, a/k/a BEVERLY | ) | **CONCLUSIONS OF LAW, AND** |
| ANN NEFF, a/k/a BEVERLY NEFF; | ) | **ORDER FOR JUDGMENT** |
| WILBERT NEFF; IDA NEFF, individually | ) | |
| and as Personal Representative of the Estate of | ) | |
| ARTHUR NEFF, SMITH, BAKKE, | ) | |
| HOVLAND & OPPEGARD, n/k/a SMITH, | ) | |
| BAKKE, OPPEGARD, PORSBORG, & | ) | |
| WOLF; TOM ABRAHAMSON; MARK | ) | |
| ABRAHAMSON; and BRUCE SEASE, | ) | |
| | ) | |
| Defendants. | ) | |

The above-entitled case came before the Court at Bismarck, North Dakota, on June 29, 2006, upon the motion of the United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, attorneys for the plaintiff, for entry of default and judgment by default against defendants Tom Abrahamson, Mark Abrahamson, and Bruce Sease.

Evidence was adduced for and on behalf of the United States in support of its motion aforesaid and no one appeared for or on behalf of the defendants, except that:

Defendants Darry D. Neff, a/k/a Darry Dean Neff (hereinafter "Darry Neff"), and Beverly A. Neff, a/k/a Beverly Ann Neff, a/k/a Beverly Neff (hereinafter "Beverly Neff") filed an answer through attorney Walter M. Lipp, and on June 7, 2006, each executed a Stipulation for Entry of Judgment, which Stipulation is filed for record with this Court;

Defendants Wilbert Neff, and Ida Neff, individually and as Personal Representative of the Estate of Arthur Neff, appeared through their attorney Walter M. Lipp, and on June 7, 2006, each executed a Stipulation for Entry of Judgment, which Stipulation is filed for record with this Court;

Defendant Smith, Bakke, Hovland & Oppegard, n/k/a Smith, Bakke, Oppegard, Porsborg & Wolf (hereinafter "Smith"), appeared through their attorney Sheldon A. Smith, but served no answer upon the United States or filed an answer with the Clerk, however, on June 20, 2006, executed a Stipulation for Entry of Judgment, which Stipulation is filed for record with this Court; and

Defendants Mark Abrahamson, and Tom Abrahamson contacted the United States by oral communication, but they did not formally answer or file an appearance.

The United States served upon defendants Mark Abrahamson, and Tom Abrahamson a three-day notice of intent to enter default judgment.  Defendants Mark Abrahamson, Tom Abrahamson, and Bruce Sease are in default.  Upon review of the file, the Court notes that:

Now, upon the evidence adduced by the United States and upon due consideration of all matters pertaining to the records herein, the Court makes the following:

<u>FINDINGS OF FACT</u>

<u>FIRST CAUSE OF ACTION</u>

1.

Defendants Darry Neff, and Beverly Neff, for value received, made, executed, and delivered to the United States of America (United States), acting through the Farm Service Agency (FSA), formerly known as Farmers Home Administration (FmHA), the following promissory notes in writing, wherein and whereby they promised to pay to the United States the following stated principal amounts, plus interest on the unpaid principal balances at the stated rates until paid[1]:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Exhibit |
|---|---|---|---|
| November 14, 1974 | $8,500.00 | 5.00% | A |
| April 13, 1976 | $10,000.00 | 5.00% | B |
| October 27, 1977 | $70,000.00 | 8.00% | C |
| March 14, 1978 | $10,000.00 | 8.00% | D |
| March 5, 1985 (Reschedule of Note listed as "A") | $8,146.82 | 5.00% | E |
| March 5, 1985 (Reschedule of Note listed as Exhibit "B"), | $9,800.00 | 5.00% | F |
| March 5, 1985 (Reschedule of Note listed as Exhibit "C") | $74,049.73 | 8.00% | G |
| March 5, 1985 (Reschedule of Note listed as "Exhibit "D") | $10,656.82 | 8.00% | H |
| January 3, 1989 | $69,804.37 | 8.00% | I |

[1]Copies of all promissory notes, real estate mortgages, partial releases, security agreements, financing statements, and continuations are attached to the Complaint.  The exhibit number of each attachment is noted by the described document.

(Reschedule & Deferral of Note listed as Exhibit "G")

January 18, 1990          $69,804.38          8.00%          J
(Reamortization & Deferral of Note listed as Exhibit "I")

January 18, 1990          $10,062.44          8.00%          K
(Reamortization & Deferral of Note listed as Exhibit "H")

January 18, 1990          $9,056.24          5.00%          L
(Reamortization of Note listed as Exhibit "F")

January 18, 1990          $7,457.99          5.0%          M
(Reamortization of Note listed as Exhibit "E")

2.

To secure the balance due and owing on the promissory note listed in paragraph 1 as Exhibit "A," defendants Darry Neff, and Beverly Neff, made, executed, and delivered to the United States a Real Estate Mortgage on or about November 14, 1974, wherein and whereby they granted, bargained, sold and conveyed by mortgage to the United States the following-described real estate situated in Sheridan County, North Dakota:

> The Southwest Quarter of the Northeast Quarter (SW¼NE¼), Northwest Quarter of the Southeast Quarter (NW¼SE¼), Northeast Quarter of the Southwest Quarter (NE¼SW¼) and West Half of the Southwest Quarter (W½SW¼ ) of Section Twenty-four (24), Township One Hundred Forty-eight (148), Range Seventy-eight (78); Sheridan County, North Dakota.

The mortgage was recorded in the Office of the County Recorder of Sheridan County, North Dakota, on November 14, 1974, in Book M-51 of Mortgages on Page 449, as Document No. 91958 (Exhibit "N").

3.

To further secure the balance due and owing on the promissory note listed in paragraph 1 as Exhibit "A," defendants Darry Neff, and Beverly Neff, made, executed, and delivered to the United States a Real Estate Mortgage on or about September 30, 1975, wherein and whereby they granted, bargained, sold and conveyed by mortgage to the United States the following-described real estate situated in Sheridan County, North Dakota:

> Lot Two (2) and Southeast Quarter of the Northwest Quarter (SE¼NW¼ )
> of Section Thirty (30) and Northeast Quarter (NE¼) of Section Thirty-one
> (31), All in Township One Hundred Forty-eight (148), Range Seventy-
> seven (77); The Southwest Quarter of the Northeast Quarter (SW¼NE¼),
> Northwest Quarter of the Southeast Quarter (NW¼SE¼), Northeast Quarter
> of the Southwest Quarter (NE¼SW¼) and West Half of the Southwest
> Quarter (W½SW¼ ) of Section Twenty-four (24), Township One Hundred
> Forty-eight (148), Range Seventy-eight (78); Undivided one-half (½)
> interest in Southeast Quarter of the Southwest Quarter (SE¼SW¼) of
> Section Twenty-three (23) and Southwest Quarter (SW¼) of Section
> Twenty-four (24) and West Half W½) of Section Twenty-five (25) and
> Southeast Quarter (SE¼) of Section Twenty-six (26), All in Township One
> Hundred Forty-eight (148), Range Seventy-seven (77), subject to all
> mortgages, mineral reservations, conveyances, easements and right-of-way
> as shown of record in office of Register of Deeds, Sheridan County, North
> Dakota.

The mortgage was recorded in the Office of the County Recorder of Sheridan County, North Dakota, on September 30, 1975, in Book M-52 of Mortgages on Page 115, as Document No. 93038 (Exhibit "O").

4.

To secure the balance due and owing on the promissory note listed in paragraph 1 as Exhibit "B," and to further secure the promissory note listed in paragraph 1 as Exhibit

"A," defendants Darry Neff, and Beverly Neff, made, executed, and delivered to the

United States a Real Estate Mortgage on or about April 13, 1976, wherein and whereby

they granted, bargained, sold and conveyed by mortgage to the United States the

following-described real estate situated in Sheridan County, North Dakota:

> The West Half of the Northwest Quarter (W½NW¼) of Section
> Thirty-two (32), Township One Hundred Forty-eight (148) North, Range
> Seventy-seven (77) West of the 5th P.M.
>
> Lot Two (2) and Southeast Quarter of the Northwest Quarter (SE¼NW¼ )
> of Section Thirty (30) and Northeast Quarter (NE¼) of Section Thirty-one
> (31), All in Township One Hundred Forty-eight (148), Range Seventy-
> seven (77); The Southwest Quarter of the Northeast Quarter (SW¼NE¼),
> Northwest Quarter of the Southeast Quarter (NW¼SE¼), Northeast Quarter
> of the Southwest Quarter (NE¼SW¼) and West Half of the Southwest
> Quarter (W½SW¼ ) of Section Twenty-four (24), Township One Hundred
> Forty-eight (148), Range Seventy-eight (78); Undivided one-half (½)
> interest in Southeast Quarter of the Southwest Quarter (SE¼SW¼) of
> Section Twenty-three (23) and Southwest Quarter (SW¼) of Section
> Twenty-four (24) and West Half W½) of Section Twenty-five (25) and
> Southeast Quarter (SE¼) of Section Twenty-six (26), All in Township One
> Hundred Forty-eight (148), Range Seventy-seven (77), subject to all
> mortgages, mineral reservations, conveyances, easements and right-of-way
> as shown of record in office of Register of Deeds, Sheridan County, North
> Dakota. Subject to Bank of North Dakota mortgage dated April 13, 1976
> and recorded in the Office of the Register of Deeds in Sheridan County,
> North Dakota on the 13th day of April, 1976 at 11:20 A.M. in Book M-52,
> page 297.

The mortgage was recorded in the Office of the County Recorder of Sheridan County,

North Dakota, on April 13, 1976, in Book M-52 of Mortgages on Page 299, as Document

No. 93511 (Exhibit "P").

5.

To secure the balance due and owing on the promissory note listed in paragraph 1 as Exhibit "C," defendants Darry Neff, and Beverly Neff, made, executed, and delivered to the United States a Real Estate Mortgage on or about October 27, 1977, wherein and whereby they granted, bargained, sold and conveyed by mortgage to the United States the following-described real estate situated in Sheridan County, North Dakota:

> Township 148 N., Range 78 W.
> Sec. 24:              NW¼SE¼, NE¼SW¼, W½SW¼ , SW¼NE¼
>
> Township 148 N., Range 77 West
> Sec. 23:              S½SE¼SE¼
> Sec. 25:              West Half of said Section
> Sec. 30:              SE¼NW¼, Lot 2
> Sec. 31:              NE¼
> Sec. 32:              W½NW¼
>
> Subject to that certain Contract for Deed between borrowers and Arthur Neff, and Ida Neff, husband and wife, dated Mar. 3, 1975, and filed in the Office of the Register of Deeds of Sheridan County, North Dakota on Sept. 30, 1975, at 11:15 A.m., and recorded in Book C-45, Page 331; and also subject to that certain Farm Mortgage Deed to the Bank of North Dakota, dated April 13, 1976, and filed in the above said office on April 13, 1976, at 11:20 a.m., and recorded in Book M-52, Page 297.

The mortgage was recorded in the Office of the County Recorder of Sheridan County, North Dakota, on October 27, 1977, in Book M-53 of Mortgages on Page 175, as Document No. 95177 (Exhibit "Q").

6.

To secure the balance due and owing on the promissory note listed in paragraph 1 as Exhibit "D," defendants Darry Neff, and Beverly Neff, made, executed, and delivered to the United States a Real Estate Mortgage on or about March 17, 1978, wherein and

whereby they granted, bargained, sold and conveyed by mortgage to the United States the

following-described real estate situated in Sheridan County, North Dakota:

Township 148 N., Range 78 W.
Sec. 24:   NW¼SE¼, NE¼SW¼, W½SW¼ , SW¼NE¼

Township 148 N., Range 77 West
Sec. 23:   S½SE¼SE¼
Sec. 25:   West Half of said Section
Sec. 30:   SE¼NW¼, Lot 2
Sec. 31:   NE¼
Sec. 32:   W½NW¼

Subject to that certain Contract for Deed between borrowers and Arthur
Neff, and Ida Neff, husband and wife, dated Mar. 3, 1975, and filed in the
Office of the Register of Deeds of Sheridan County, North Dakota on
Sept. 30, 1975, at 11:15 a.m., and recorded in Book C-45, Page 331; and
also subject to that certain Farm Mortgage Deed to the Bank of North
Dakota, dated April 13, 1976, and filed in the above said office on April 13,
1976, at 11:20 a.m., and recorded in Book M-52, Page 297.

The mortgage was recorded in the Office of the County Recorder of Sheridan County,

North Dakota, on March 14, 1978, in Book M-53 of Mortgages on Page 415, as

Document No. 95873 (Exhibit "R").

7.

Defendants Darry Neff, and Beverly Neff have defaulted in the payment of the

promissory notes which are secured by the real estate mortgages, all listed above, in that

they have failed to make timely payments of principal and interest as required, have

failed to pay the real estate taxes when due and owing, and have leased their real estate

without authorization from the United States.

8.

By reason of the defaults in the covenants and conditions of the promissory notes, and real estate mortgages listed above, the United States has declared the entire amount of the indebtedness, as evidenced by the promissory notes described above, due and owing.  All administrative and servicing actions have been completed and the United States has provided defendants Darry Neff, and Beverly Neff with all notices required by federal law.

9.

The United States is still the owner and holder of the promissory notes and real estate mortgages listed above, and there is now due and owing on the indebtedness evidenced thereby as follows:

| Promissory Notes | Amount | Exhibit | Status/Principal Due | Interest to 06/22/2006 | Rate |
|---|---|---|---|---|---|
| 11/14/74 | $8,500.00 | A | rescheduled by Ex. E | | |
| 03/05/85 | $8,146.82 | E | reamortized by Ex. M | | |
| 01/18/90 | $7,457.99 | M | $7,833.86[2] | $5,721.75 | 5% |
| | | | | | |
| 04/13/76 | $10,000.00 | B | rescheduled by Ex. F | | |
| 03/05/85 | $9,800.00 | F | reamortized by Ex. L | | |
| 01/18/90 | $9,056.24 | L | $13,212.46[3] | $2,109.64 | 5% |
| | | | | | |
| 10/27/77 | $70,000.00 | C | rescheduled by Ex. G | | |
| 03/05/85 | $74,049.73 | G | rescheduled by Ex I | | |
| 01/03/89 | $69,804.37 | I | reamortized by Ex. J | | |
| 01/18/90 | $69,804.38 | J | $69,804.38 | $99,768.11 | 8% |
| | | | | | |
| 03/14/78 | $10,000.00 | D | rescheduled by Ex. H | | |
| 03/05/85 | $10,656.82 | H | reamortized by Ex. K | | |

[2]This principal amount includes amounts advanced for appraisals which sums are chargeable under the terms of the loan documents.

[3]This principal amount includes amounts advanced for abstracting, real estate taxes, appraisals, and filing fees, which sums are chargeable under the terms of the loan documents.

| 01/18/90 | $10,062.44 | K | $10,062.44 | $13,063.25 | 8% |

**TOTAL as of 06/22/2006**                    **$221,575.89**

Interest will continue to accrue at the rates stated above until date of judgment, after which interest will accrue at the judgment rate until paid in full.

10.

On or about September 9, 2004, the United States individually served upon defendants Darry Neff, and Beverly Neff, record owners of the property described above, by certified mail, a Notice of Intention to Foreclose Real Estate Mortgage, stating the dates of the mortgages, the description of the mortgaged property, and the full amount due for principal and interest, and advising them that, unless the full amount of the indebtedness was paid within thirty (30) days from the date of the mailing of the Notice, an action would be instituted for the foreclosure of the mortgages listed above.

11.

On or about March 3, 1975, defendants Darry Neff, and Beverly Neff, as vendees, entered into a Contract for Deed with Arthur Neff, and Ida Neff, vendors.  The Contract for Deed was recorded in the Office of the County Recorder for Sheridan County, North Dakota, on September 30, 1975, as Document No. 93037.  Under the terms of the Contract for Deed, defendants Darry Neff, and Beverly Neff purchased the following-described property from Arthur Neff, and Ida Neff:

> The South Half of the Northwest Quarter (S½NW¼) of Section Thirty (30), and the Northeast Quarter (NE¼) of Section Thirty-one (31), Township One Hundred Forty-eight (148) North, Range Seventy-seven (77) West of the 5th P. M., Sheridan County, North Dakota.

12.

To the extent that defendants Arthur Neff, and Ida Neff hold an interest as vendors under the Contract for Deed filed September 30, 1975, their interest is superior and paramount to the mortgages of the United States, which are more fully-described in paragraphs 2, 3, 4, 5, and 6.  That on or about June 7, 2006, Walter M. Lipp, counsel for defendant Ida Neff, individually and as personal representative of the estate of Arthur Neff, entered into a Stipulation for Entry of Judgment as to Defendant Ida Neff, consenting to judgment against her as prayed for in the complaint, except as modified by the Stipulation which provides in part the amounts due and owing under the Contract for Deed.  The Stipulation is filed for record with this Court.

13.

On or about August 2, 2000, a Partial Release was executed by the United States releasing from the mortgages filed on November 14, 1974; September 30, 1975; April 13, 1976; October 27, 1977; March 14, 1978, the following-described real property located in Sheridan County, North Dakota:

SW¼NE¼, NW¼SE¼, NE¼SW¼, W½SW¼ of Section 24-148-78, and
W½NW¼ of Section 32-148-77.

The Partial Release was recorded on August 11, 2000, as Document No. 110751, with the County Recorder for Sheridan County, North Dakota.  (Exhibit "T")

11

14.

On or about May 22, 2002, a Partial Release was executed by the United States

releasing from the mortgages filed on September 30, 1975; and April 13, 1976, the

following-described real property located in Sheridan County, North Dakota:

SW¼ of Section 24-148-77, less road

The Partial Release was recorded on May 23, 2002, as Document No. 111994, with the

County Recorder for Sheridan County, North Dakota.  (Exhibit "U")

15.

As a result of the partial releases referenced in paragraphs 14 and 15 above, the

real estate currently mortgaged to the United States on which it seeks to foreclose is

described as follows:

### SHERIDAN COUNTY, NORTH DAKOTA

Township 148 North, Range 77 West
Section 23:  S½SE¼SE¼; undivided one-half interest in the N½SE¼SE¼
Section 25:  W½
Section 26:  undivided one-half interest in the SE¼
Section 30:  Lot 2, SE¼NW¼
Section 31:  NE¼

Parcels in Sections 30 and 31, are subject to a Contract for Deed between
Darry Neff, and Beverly Neff as Vendees and Arthur Neff, and Ida Neff as
Vendors, which deed is dated March 3, 1975, and filed in the Office of the
County Recorder of Sheridan County, North Dakota, on September 30,
1975, in Book C-45, Page 331.

All of the above-described property is subject to all valid outstanding
easements, rights-of-way, mineral reservations and mineral conveyances of
record.

16.

Defendants Darry Neff, and Beverly Neff on or about September 21, 1994, filed a voluntary Chapter 12 bankruptcy petition in the United States Bankruptcy Court for the District of North Dakota.  On or about October 5, 1995, an Order was filed confirming debtors' Chapter 12 Plan.  On or about June 4, 1997, an Order was entered dismissing debtors' Chapter 12 case.

17.

Upon information, defendants Darry Neff, and Beverly Neff may have entered into a farm lease for rental of the real estate with defendant Tom Abrahamson, which real estate is the subject of this action and is described in paragraph 16.  The lease and rental of real property, if one exists, is junior and subordinate to the mortgage of the United States.

18.

Upon information, defendants Darry Neff, and Beverly Neff may have entered into a farm lease for rental of the real estate with defendant Mark Abrahamson, which real estate is the subject of this action and is described in paragraph 16.  The lease and rental of real property, if one exists, is junior and subordinate to the mortgage of the United States.

19.

On or about June 9, 1999, defendant Smith entered a judgment against defendants Darry D. Neff, and Beverly A. Neff in the amount of $9,655.67 with interest accruing at the rate of twelve percent (12%).  The judgment was docketed in the office of the Clerk of

District Court, Sheridan County, North Dakota on June 9, 1999, and Doc. No. 42-02-M-1003.  The judgment is inferior and subordinate to the mortgages of the United States.  That on or about June 20, 2006, defendant Smith entered into a Stipulation for Entry of Judgment, consenting to judgment against them as prayed for in the complaint.  The Stipulation is filed for record with this Court.

SECOND CAUSE OF ACTION

1.

Defendants Darry Neff, and Beverly Neff, for value received, made, executed, and delivered to the United States of America (United States), acting through the Farm Service Agency (FSA), formerly known as Farmers Home Administration (FmHA), the following promissory notes in writing, wherein and whereby they promised to pay to the United States the following stated principal amounts plus interest on the unpaid principal balances at the stated rates until paid:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Exhibit |
|---|---|---|---|
| May 29, 1986 | $96,620.00 | 5.625% | V |
| January 18, 1990 (Reschedule of Note listed as "V") | $55,565.40 | 5.50% | W |

2.

To secure the promissory notes listed in paragraph 1 of the Second Cause of Action, defendants Darry Neff, and Beverly Neff made, executed, and delivered to the United States, Security Agreements (Chattel Property and Fixtures) on or about June 11, 1975 (Exhibit "X"), and February 10, 1993 (Exhibit "Y"), wherein and whereby they

14

granted to the United States a security interest in all livestock, farm machinery and other

equipment and inventory, then owned or thereafter acquired, together with all

replacements, substitutions, additions and accessions, including, but not limited to, the

specific items of farm machinery and other equipment and livestock described in the

Security Agreement.

3.

To perfect the Security Agreements described in paragraph 2 of the Second Cause

of Action, the following financing statements, continuations and amendments were filed

with the County Recorder of Sheridan County, North Dakota:

| Document | Filing Date | Document No. | Exhibit |
|----------|-------------|--------------|---------|
| Financing Statement | May 28, 1986 | 152456 | Z |
| Continuation | May 6, 1991 | 154774 | AA |
| Continuation | December 20, 1995 | 95-000560006 | BB |
| Continuation | December 6, 2000 | 00-000981198 | CC |
| Financing Statement | August 11, 1992 | 92-000266548 | DD |
| Continuation | June 17, 1997 | 97-000692966 | EE |
| Amendment (Include Middle Names) | April 2, 2002 | 02-000027479 | FF |
| Continuation | April 2, 2002 | 02-000027482 | GG |

Exhibits Z and AA were re-filed with the North Dakota Central Index System on

March 16, 1992, as Document Nos. 92-000107906 and 92-000107927, respectively.

(Exhibit "HH")

4.

Defendants Darry Neff, and Beverly Neff have defaulted in the payment of the

promissory notes listed in paragraph 1 of the Second Cause of Action secured by the

security agreement and financing statements listed above, in that they have failed to make timely payments of principal and interest on the instruments.

5.

By reason of the defaults in the covenants and conditions of the security agreements and promissory notes listed above, the United States has declared the entire amount of the indebtedness as evidenced by the promissory notes herein due and owing. All administrative and serving actions have been completed and the United States has provided defendants Darry Neff, and Beverly Neff with all the notices required by federal law.

6.

The United States is still the owner and holder of the promissory notes and chattel security agreements listed above and there is now due and owing on the indebtedness evidenced thereby as follows:

| Promissory Note | Amount | Exhibit | Status/Principal Due | Interest to 06/22/2006 | Rate |
|---|---|---|---|---|---|
| 05/29/1986 | $96,620.00 | V | rescheduled by Ex. W | | |
| 01/18/1990 | $55,565.40 | W | $55,565.40 | $31,760.82 | 5.5% |
| Protective Advances | | | $20.00 | $.59 | $.003/daily |
| **TOTAL as of 06/22/2006** | | | **$87,346.81** | | |

Interest will continue to accrue at the rates stated above until date of judgment, after which interest will accrue at the judgment rate until paid in full.

7.

Defendant Wilbert Neff may claim up to a one-half interest in all or a portion of the farm equipment and machinery owned by defendants Darry Neff, and Beverly Neff. The interest held by defendant Wilbert Neff, if any, does not exceed a one-half ownership interest, and defendant Wilbert Neff does not have any interest in one 1976 Ford F-150 pickup. Further, the interest held by defendant Wilbert Neff is also subject to a separate security agreement between Wilbert Neff, and the United States, which is more fully-described in this Complaint under the Fourth Cause of Action. Accordingly, all items of farm equipment and machinery owned by defendants Darry Neff, Beverly Neff, and/or Wilbert Neff, including one 1976 Ford F-150 pickup and one 1981 Ford F-150 pickup, are subject to FSA's security interests. Any interests held by defendants Darry Neff, Beverly Neff, and/or Wilbert Neff are inferior and subordinate to the security interests held by the United States.

8.

Defendants Darry Neff, and Beverly Neff on or about September 21, 1994, filed a voluntary Chapter 12 bankruptcy petition in the United States Bankruptcy Court for the District of North Dakota. On or about October 5, 1995, an Order was filed confirming debtors' Chapter 12 Plan. On or about June 4, 1997, an Order was entered dismissing debtors' Chapter 12 case.

## THIRD CAUSE OF ACTION

1.

Defendant Wilbert Neff (defendant Neff), for value received, made, executed, and delivered to the United States of America (United States), acting through the Farm Service Agency (FSA), formerly known as Farmers Home Administration (FmHA), the following promissory notes in writing, wherein and whereby he promised to pay to the United States the following stated principal amounts plus interest on the unpaid principal balances at the stated rates until paid[4]:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Exhibit |
|---|---|---|---|
| October 27, 1977 | $30,000.00 | 8% | II |
| March 5, 1985 (Reschedule of Note listed as Exhibit "II") | $31,720.54 | 8% | JJ |
| January 18, 1990 (Reamortization of Note listed as Exhibit "B") | $29,968.62 | 8% | KK |

2.

To secure the balance due and owing on the promissory notes listed in paragraph 1, defendant Neff, made, executed, and delivered to the United States a Real Estate Mortgage on or about October 27, 1977, wherein and whereby he granted, bargained, sold, and conveyed, by mortgage, to the United States the following-described real estate situated in Sheridan County, North Dakota:

Township 148 North, Range 77 West

---

[4]Copies of all promissory notes, real estate mortgages, partial releases, security agreements, financing statements, and continuations are attached to the Complaint.  The exhibit number of each attachment is noted by the described document.

Sec. 23:    N½SE¼SE¼
Sec. 24:    SW¼
Sec. 26:    SE¼
Sec. 29:    NW¼NW¼
Sec. 30:    NE¼, NE¼NW¼
Sec. 32:    E½NW¼

Township 148 North, Range 76 West
Sec. 32:    NW¼ less 27.77 acres sold to U.S.A.

Township 148 North, Range 78 West
Sec. 24:    NW¼NE¼, E½NW¼, NW¼NW¼, SW¼NW¼

Subject, however, to that certain Contract for Deed between borrower and Arthur Neff, and Ida Neff, husband and wife, dated March 3, 1975, and filed for record in the Office of the Register of Deeds of Sheridan County, N.D. on September 30, 1975, at 11:35 a.m., and recorded in Book C-45, page 334.

The mortgage was recorded in the Office of the County Recorder of Sheridan County, North Dakota, on October 27, 1977, in Book M-53 of Mortgages on Page 179, as Document No. 95178 (Exhibit "LL").

3.

Defendant Neff has defaulted in the payment of the promissory notes which are secured by the real estate mortgage, all listed above, in that he has failed to make timely payments of principal and interest as required, has failed to pay the real estate taxes when due and owing, and has leased the real estate without authorization from the United States.

4.

By reason of the defaults in the covenants and conditions of the promissory notes, and real estate mortgage listed above, the United States has declared the entire amount of the indebtedness, as evidenced by the promissory notes described above, due and owing. All administrative and servicing actions have been completed and the United States has provided defendant Neff with all notices required by federal law.

5.

The United States is still the owner and holder of the promissory notes and real estate mortgage listed above, and there is now due and owing on the indebtedness evidenced thereby as follows:

| Promissory Notes | Amount | Exhibit | Status/Principal Due | Interest to 06/22/2006 | Rate |
|---|---|---|---|---|---|
| 10/27/77 | $30,000.00 | II | rescheduled by Ex. JJ | | |
| 03/05/85 | $31,720.54 | JJ | reamortized by Ex. KK | | |
| 01/18/90 | $29,968.62 | LL | $17,864.38 | $6,527.36 | 8% |
| Protective Advances | | | $670.00[5] | $16.81 | $.15/day |
| **TOTAL as of 06/22/2006** | | | **$25,078.55** | | |

Interest will continue to accrue at the rates stated above until date of judgment, after which interest will accrue at the judgment rate until paid in full.

6.

On or about September 9, 2004, the United States individually served upon defendant Wilbert Neff, record owner of the property described above, by certified mail,

_____

[5]This principal amount includes amounts advanced filing fees and an appraisal, which sums are chargeable under the terms of the loan documents.

a Notice of Intention to Foreclose Real Estate Mortgage, stating the dates of the

mortgages, the description of the mortgaged property, and the full amount due for

principal and interest, and advising him that unless the full amount of the indebtedness

was paid within thirty (30) days from the date of the mailing of the Notice, an action

would be instituted for the foreclosure of the mortgages listed above.

7.

On or about March 3, 1975, defendant Wilbert Neff, as vendee, entered into a

Contract for Deed with Arthur Neff, and Ida Neff, vendors.  The Contract for Deed was

recorded in the Office of the County Recorder for Sheridan County, North Dakota, on

September 30, 1975, as Document No. 93039.  Under the terms of the Contract for Deed,

defendant Wilbert Neff purchased the following-described property from Arthur Neff,

and Ida Neff:

> The Northeast Quarter of Northwest Quarter (NE¼NW¼), the Northeast
> Quarter (NE¼) of Section Thirty (30), the Northwest Quarter of Northwest
> Quarter (NW¼NW¼) of Section Twenty-nine (29), Township One
> Hundred Forth-eight (148) North, Range Seventy-seven (77) West of the
> 5th P.M., Sheridan County, North Dakota.

8.

To the extent that defendants Arthur Neff, and Ida Neff hold an interest as vendors

under the Contract for Deed filed September 30, 1975, their interest is superior and

paramount to the mortgage of the United States, which are more fully-described in

paragraph 2.  That on or about June 7, 2006, Ida Neff, individually and as personal

representative of the estate of Arthur Neff, entered into a Stipulation for Entry of

Judgment, consenting to judgment against her as prayed for in the complaint, except as

modified by the Stipulation which provides in part the amounts due and owing under the

Contract for Deed.  The Stipulation is filed for record with this Court.

9.

On or about August 2, 2000, a Partial Release was executed by the United States

releasing from the mortgage filed on October 27, 1977, the following-described real

property located in Sheridan County, North Dakota:

> NW¼NE¼, NW¼ of Sec. 24-148-78
> E½NW¼ of Sec. 32-148-77

The Partial Release was recorded on August 11, 2000, as Document No. 110750, with the

County Recorder for Sheridan County, North Dakota.  (Exhibit "NN")

10.

On or about May 14, 2002, a Partial Release was executed by the United States

releasing from the mortgages filed on October 27, 1977, the following-described real

property located in Sheridan County, North Dakota:

> SW¼ of 24-148-77 less road

The Partial Release was recorded on May 16, 2002, as Document No. 111973, with the

County Recorder for Sheridan County, North Dakota.  (Exhibit "OO")

11.

On or about May 14, 2002, a Partial Release was executed by the United States

releasing from the mortgages filed on October 27, 1977, the following-described real

property located in Sheridan County, North Dakota:

> NW¼ of 32-148-76 less 27.77 sold to USA

22

The Partial Release was recorded on May 29, 2002, as Document No. 112002, with the County Recorder for Sheridan County, North Dakota.  (Exhibit "PP")

12.

As a result of the Partial Releases referenced in paragraphs 10, 11, and 12 above, the real estate currently mortgaged to the United States on which it seeks to foreclose is described as follows:

**<u>SHERIDAN COUNTY, NORTH DAKOTA</u>**

<u>Township 148 North, Range 77 West</u>
*Section 23:  N½SE¼SE¼
*Section 26:  SE¼
Section 29:  NW¼NW¼
Section 30:  NE¼NW¼, NE¼

Parcels in Sections 29 and 30, are subject to a Contract for Deed between Wilbert Neff as Vendee and Arthur Neff, and Ida Neff as Vendors, which deed is dated March 3, 1975, and filed in the Office of the County Recorder of Sheridan County, North Dakota, on September 30, 1975, in Book C-45, Page 334.

*Parcels in Sections 23 and 26 are also subject to mortgages held by FSA and described in this Complaint under the First Cause of Action.

13.

Defendant Wilbert Neff on or about September 21, 1994, filed a voluntary Chapter 12 bankruptcy petition in the United States Bankruptcy Court for the District of North Dakota.  On or about October 5, 1995, an Order was filed Confirming Debtor's Chapter 12 Plan.  On or about April 10, 1997, an Order was entered dismissing Debtor's Chapter 12 case.

14.

23

The United States has received information that defendant Wilbert Neff may have entered into a farm lease for rental of the real estate with defendant Tom Abrahamson, which real estate is the subject of this action and is described in paragraph 13.  The lease and rental of real property, if one exists, is junior and subordinate to the mortgage of the United States.

15.

The United States has received information that defendant Wilbert Neff may have entered into a farm lease for rental of the real estate with defendant Mark Abrahamson, which real estate is the subject of this action and is described in paragraph 13.  The lease and rental of real property, if one exists, is junior and subordinate to the mortgage of the United States.

16.

The United States has received information that defendant Wilbert Neff may have entered into a farm lease for rental of the real estate with defendant Bruce Sease, which real estate is the subject of this action and is described in paragraph 13.  The lease and rental of real property, if one exists, is junior and subordinate to the mortgage of the United States.

17.

On or about September 28, 1999, defendant Smith entered a judgment against defendant Wilbert Neff in the amount of $11,928.73 with interest accruing at the rate of twelve percent (12%).  The judgment was docketed in the office of the Clerk of District Court, Sheridan County, North Dakota on September 28, 1999, as Doc. No. 42-02-M-

1002.  The judgment is inferior and subordinate to the mortgages of the United States.

That on or about June 20, 2006, defendant Smith entered into a Stipulation for Entry of

Judgment, consenting to judgment against them as prayed for in the complaint.  The

Stipulation is filed for record with this Court.

18.

On or about April 26, 1999, Wayne Drewes entered a judgment against defendant

Wilbert Neff in the amount of $270.33 with interest accruing at the rate of twelve percent

(12%).  The judgment was docketed in the office of the Clerk of District Court, Sheridan

County, North Dakota on April 26, 1999, as Doc. No. 42-99-C-1007.  The judgment is

inferior and subordinate to the mortgages of the United States.

FOURTH CAUSE OF ACTION

1.

Defendant Wilbert Neff for value received, made, executed, and delivered to the

United States of America (United States), acting through the Farm Service Agency

(FSA), formerly known as Farmers Home Administration (FmHA), the following

promissory notes in writing, wherein and whereby he promised to pay to the United

States the following stated principal amounts plus interest on the unpaid principal

balances at the stated rates until paid:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Exhibit |
|---|---|---|---|
| May 29, 1986 | $88,620.00 | 5.625% | QQ |
| January 18, 1990 (Reschedule of Note listed as "I") | $57,755.27 | 5.5% | RR |

2.

25

To secure the promissory notes listed in paragraph 1 of the Fourth Cause of Action, defendant Neff made, executed, and delivered to the United States, Security Agreements (Chattel Property and Fixtures) on or about May 29, 1986 (Exhibit "SS") and February 10, 1993 (Exhibit "TT"), wherein and whereby he granted to the United States a security interest in all farm machinery and other equipment and inventory, then owned or thereafter acquired, together with all replacements, substitutions, additions and accessions, including, but not limited to, the specific items of farm machinery and other equipment described in the Security Agreement.

3.

To perfect the Security Agreements described in paragraph 2 of the Fourth Cause of Action, the following financing statements, continuations and amendments were filed with the County Recorder of Sheridan County, North Dakota:

| Document | Filing Date | Document No. | Exhibit |
|---|---|---|---|
| Financing Statement | May 27, 1986 | 152451 | UU |
| Continuation | May 6, 1991 | 154776 | VV |
| Continuation | December 20, 1995 | 95-000560002 | WW |
| Continuation | March 21, 2001 | 01-001001805 | XX |
| Financing Statement | June 25, 1992 | 92-000246742 | YY |
| Continuation | June 17, 1997 | 97-000692967 | ZZ |
| Amendment (Include Middle Names) | April 2, 2002 | 02-000027498 | AAA |
| Continuation | April 2, 2002 | 02-000027502 | BBB |

Exhibits "UU" and "VV" were re-filed with the North Dakota Central Index System on March 16, 1992, as Document Nos. 92-000108037 and 92-000108042, respectively. (Exhibit "CCC")

4.

Defendant Neff has defaulted in the payment of the promissory notes listed in paragraph 1 of the Fourth Cause of Action secured by the security agreements and financing statements listed above, in that he has failed to make timely payments of principal and interest on the instruments.

5.

By reason of the defaults in the covenants and conditions of the security agreements and promissory notes listed above, the United States has declared the entire amount of the indebtedness as evidenced by the promissory notes herein due and owing. All administrative and serving actions have been completed and the United States has provided defendant Neff with all the notices required by federal law.

6.

The United States is still the owner and holder of the promissory notes and chattel security agreements listed above and there is now due and owing on the indebtedness evidenced thereby as follows:

| Promissory Note | Amount | Exhibit | Status/Principal Due | Interest to 06/22/2006 | Rate |
|---|---|---|---|---|---|
| 05/29/1986 | $88,620.00 | QQ | rescheduled by Ex. RR | | |
| 01/18/1990 | $57,755.27 | RR | $53,965.55 | $13,624.37 | 5.5% |

**TOTAL as of 06/22/2006**                  **$67,589.92**

Interest will continue to accrue at the rates stated above until date of judgment, after which interest will accrue at the judgment rate until paid in full.

7.

Defendants Darry Neff and/or Beverly Neff may claim up to a one-half interest in all or a portion of the farm equipment and machinery owned by defendant Wilbert Neff. The interests held by defendants Darry Neff and/or Beverly Neff, if any, do not exceed a one-half ownership interest, and defendants Darry Neff, and Beverly Neff do not have any interest in one 1981 Ford F-150 pickup.  Further, the interests held by defendants Darry Neff and/or Beverly Neff are also subject to a separate security agreement between Darry Neff, Beverly Neff, and the United States, which is more fully-described in this Complaint under the Second Cause of Action.  Accordingly, all items of farm equipment and machinery owned by defendants Darry Neff, Beverly Neff, and/or Wilbert Neff, including one 1976 Ford F-150 pickup and one 1981 Ford F-150 pickup, are subject to FSA's security interests.  Any interests held by defendants Darry Neff, Beverly Neff, and/or Wilbert Neff are inferior and subordinate to the security interests held by the United States.

8.

That defendants Darry Neff, Beverly Neff, and Wilbert Neff are not in the armed forces of the United States.

From the foregoing Findings of Fact, the Court makes the following:

CONCLUSIONS OF LAW

1.

The Court has jurisdiction over the subject matter of this action and the parties named in it.

2.

The defendants have been duly and regularly served in this action according to law.

3.

The United States is still the owner and holder of the promissory notes and real estate mortgages and there is due and owing to the United States by defendants Darry Neff, and Beverly Neff: on the promissory note dated January 18, 1990, in the original principal amount of $69,804.38, principal in the sum of $69,804.38, and interest to date of June 22, 2006, of $99,768.11; on the promissory note dated January 18, 1990, in the original principal amount of $10,062.44, principal in the sum of $10,062.44, and interest to date of June 22, 2006, of $13,063.25; on the promissory note dated January 18, 1990, in the original principal amount of $9,056.24, principal in the sum of $13,212.46, and interest to date of June 22, 2006, of $2,109.64; on the promissory note dated January 18, 1990, in the original principal amount of $7,457.99, principal in the sum of $7,833.86,

29

and interest to date of June 22, 2006, of $5,721.75; and under the promissory notes and

chattel and crop security agreements, there is now due and owing, on the promissory note

dated January 18, 1990, in the original principal amount of $55,565.40, principal in the

sum of $55,565.40, and interest to date of June 22, 2006, of $31,760.82; and for sums

advanced for protective advances due and payable under the terms of the loan documents

that have been paid out to cover payment of filing fees, principal in the sum of 20.00 and

interest to June 22, 2006, of $.59; together with costs and disbursements of this action

amounting to $384.00 (the court cost of $350.00 is joint and several with defendant

Wilbert Neff), making a total of $309,306.70, as of June 22, 2006, plus prejudgment

interest which accrues at a daily rate of $28.76 until the date of entry of judgment, with

interest accruing after entry of judgment at the legal rate until paid in full;

4.

The United States is still the owner and holder of the promissory notes and real

estate mortgages and there is due and owing to the United States by defendant Wilbert

Neff: on the promissory note dated January 18, 1990, in the original principal amount of

$29,968.62, principal in the sum of $17,864.38, and interest to June 22, 2006, of

$6,527.36; and under the promissory notes and chattel and crop security agreements,

there is now due and owing, on the promissory note dated January 18, 1990, in the

original principal amount of $57,755.27, principal in the sum of $53,965.55, and interest

to date of June 22, 2006, of $13,624.37; and for sums advanced for protective advances

due and payable under the terms of the loan documents that have been paid out to cover

payment of filing fees and an appraisal, principal in the sum of 670.00 and interest to

June 22, 2006, of $17.40; together with costs and disbursements of this action amounting to $384.00 (the court cost of $350.00 is joint and several with defendants Darry D. Neff, and Beverly A. Neff), making a total of $93,339.06, as of June 22, 2006, plus prejudgment interest which accrues at a daily rate of $12.19 until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate until paid in full;

5.

That the United States has a first, second, third, fourth, and fifth paramount and subsisting lien upon the estate now owned by defendants Darry Neff, and Beverly Neff, as described below, and the United States is entitled to foreclosure of its real estate mortgages and to have the real estate sold and the sale proceeds applied to the indebtedness hereinbefore set forth against defendants Darry Neff, and Beverly Neff:

### SHERIDAN COUNTY, NORTH DAKOTA

Township 148 North, Range 77 West
Section 23:  S½SE¼SE¼; undivided one-half interest in the N½SE¼SE¼
Section 25:  W½
Section 26:  undivided one-half interest in the SE¼

Pursuant to the Amended Stipulation for Entry of Judgment entered into by Darry D. Neff, and Beverly A. Neff, the above described real estate shall be sold as Lots 1 and 4, as more fully set forth in these Conclusions of Law.

31

6.

The United States has a second, third, fourth, and fifth paramount and subsisting lien upon the real estate now owned by defendants Darry Neff, and Beverly Neff, as described below, subject only to the amount due and owing to defendant Ida Neff, individually and as personal representative of the estate of Arthur Neff, under the Contract for Deed recorded on September 30, 1975, with the County Recorder for Sheridan County, North Dakota, and that the United States is entitled to foreclosure of its real estate mortgages and to have the real estate sold and the sale proceeds applied to the indebtedness set forth against defendants Darry Neff, and Beverly Neff:

> The South Half of the Northwest Quarter (S½NW¼) of Section Thirty (30), and the Northeast Quarter (NE¼) of Section Thirty-one (31), Township One Hundred Forty-eight (148) North, Range Seventy-seven (77) West of the 5th P. M., Sheridan County, North Dakota.

Pursuant to the Amended Stipulation for Entry of Judgment, the balance owing against the above-described real estate under the Contract for Deed is $29,478.84, consisting of $15,500.00 principal and $13,978.84 interest as of April 15, 2006, with interest accruing thereafter at the rate of five percent (5%) per annum on the unpaid principal balance.  The above described real estate shall be sold as Lots 2 and 3 as more fully set forth in these Conclusions of Law.

7.

That the United States has a first paramount and subsisting lien upon the estate now owned by defendant Wilbert Neff, as described below, and the United States is entitled to foreclosure of its real estate mortgages and to have the real estate sold and the

sale proceeds applied to the indebtedness hereinbefore set forth against defendant Wilbert

Neff:

### SHERIDAN COUNTY, NORTH DAKOTA

Township 148 North, Range 77 West
Section 23:  N½SE¼SE¼
Section 26:  SE¼

Pursuant to the Amended Stipulation for Entry of Judgment entered into by Wilbert Neff,

the above described real estate shall be sold as Lot 4 as more fully set forth in these

Conclusions of Law.

8.

The United States has a second, paramount and subsisting lien upon the real estate

now owned by defendant Wilbert Neff, as described below, subject only to the amount

due and owing to defendant Ida Neff, individually and as personal representative of the

estate of Arthur Neff, under the Contract for Deed recorded on September 30, 1975, with

the County Recorder for Sheridan County, North Dakota, and that the United States is

entitled to foreclosure of its real estate mortgages and to have the real estate sold and the

sale proceeds applied to the indebtedness set forth against defendant Wilbert Neff:

> The Northeast Quarter of Northwest Quarter (NE¼NW¼), the Northeast
> Quarter (NE¼) of Section Thirty (30), the Northwest Quarter of Northwest
> Quarter (NW¼NW¼) of Section Twenty-nine (29), Township One
> Hundred Forth-eight (148) North, Range Seventy-seven (77) West of the
> 5th P. N., Sheridan County, North Dakota.

Pursuant to the Amended Stipulation for Entry of Judgment, the balance owing under the

Contract for Deed is $29,743.27, consisting of $15,000.00 principal and $14,743.27

interest as of April 15, 2006, with interest accruing thereafter at the rate of five percent

(5%) per annum on the unpaid principal balance.  The above described real estate shall be sold as Lots 5 and 6 as more fully set forth in these Conclusions of Law.

9.

That the United States Marshal for the District of North Dakota is directed to sell the real estate in six lots as described below:

**<u>ALL IN SHERIDAN COUNTY, NORTH DAKOTA</u>**
**<u>Township 148 North, Range 77 West of the Fifth P.M.</u>**

**Lot No. 1**:
    Section 25:  W½

**Lot No. 2**:
    Section 30:  Lot 2, SE¼NW¼

    Subject to a balance due and owing under the contract for deed as referenced above consisting of $7,285.00 principal, and $6,570.06 interest as of April 15, 2006, with interest accruing thereafter at the rate of five percent (5%) per annum on the unpaid principal balance.

**Lot No. 3**:
    Section 31:  NE¼

    Subject to a balance due and owing under the contract for deed as referenced above consisting of $8,215.00 principal, and $7,408.79 interest as of April 15, 2006, with interest accruing thereafter at the rate of five percent (5%) per annum on the unpaid principal balance.

**Lot No.** 4:
    Section 23:  SE¼SE¼
    Section 26:  SE¼

**Lot No. 5**:
    Section 30:  NE¼NW¼, NE¼

    Subject to a balance due and owing under the contract for deed as referenced above consisting of $13,350.00 principal, and $13,121.51 interest as of April 15, 2006, with interest accruing thereafter at the rate of five percent (5%) per annum on the unpaid principal balance.

**Township 148 North, Range 77 West of the 5th P.M.**

**Lot No. 6**:
    Section 29:  NW¼NW¼

    Subject to a balance due and owing under the contract for deed as
    referenced above consisting of $1,650.00 principal, and $1,621.76
    interest as of April 15, 2006, with interest accruing thereafter at the
    rate of five percent (5%) per annum on the unpaid principal balance.

10.

Pursuant to the Amended Stipulation for Entry of Judgment entered into by the

United States and defendants Darry D. Neff, Beverly A. Neff, and Wilbert Neff, the

proceeds of the real estate shall be applied as follows:

A.  That the proceeds of Lot No. 1, after payment of the costs of the sale, be

applied to the amount adjudged to be due and owing to the United States by

defendants Darry Neff, and Beverly A. Neff secured by real estate, and that any

surplus proceeds shall be turned over to the Court for deposit in the registry fund,

or any other account the Court deems appropriate, and for distribution according

to law.

B.  That the proceeds of Lot No. 2, after payment of the costs of the sale, be

applied to the amount adjudged to be due and owing to the United States by

defendants Darry Neff, and Beverly A. Neff secured by real estate, and that any

surplus proceeds shall be turned over to the Court for deposit in the registry fund,

or any other account the Court deems appropriate, and for distribution according

to law.

35

C.  That the proceeds of Lot No. 3, after payment of the costs of the sale, be applied to the amount adjudged to be due and owing to the United States by defendants Darry Neff, and Beverly A. Neff secured by real estate, and that any surplus proceeds shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

D.  That after payment of the costs of the sale, one-half of the proceeds from the sale of Lot No. 4 be applied to the amount adjudged to be due and owing to the United States by defendant Wilbert Neff secured by real estate, and the other one-half be applied to the amount adjudged to be due and owing to the United States by defendants Darry Neff, and Beverly A. Neff secured by real estate, and that any surplus proceeds shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

E.  That the proceeds of Lot No. 5, after payment of the costs of the sale, be applied to the amount adjudged to be due and owing to the United States by defendant Wilbert Neff secured by real estate, and that any surplus proceeds shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

F.  That the proceeds of Lot No. 6, after payment of the costs of the sale, be applied to the amount adjudged to be due and owing to the United States by defendant Wilbert Neff secured by real estate, and that any surplus proceeds shall

36

be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

## 11.

That the judgment of defendant Smith is junior and subordinate to the above-described mortgages of the United States.

## 12.

That the defendants Smith, Tom Abrahamson, Mark Abrahamson, and Bruce Sease, have no further right title or interest in and to the above-described real property.

## 13.

That the United States Marshal for the District of North Dakota be directed to sell the real estate after advertising the sale in a newspaper of general circulation to be published in the County of Sheridan, State of North Dakota, once a week for four successive weeks, in a manner and form prescribed by law and that the sale of the real estate be sold at the Sheridan County Courthouse, McClusky, North Dakota.

14.

The United States has a first, valid and subsisting lien on all of the livestock, farm

machinery and other equipment and inventory now owned by defendants Darry Neff,

Beverly Neff, and Wilbert Neff, as described in the Security Agreements (Chattel

Property and Fixtures) dated June 11, 1975 and February 10, 1993, and May 29, 1986 and

February 10, 1993, respectively, including but not limited to the specific items specified

in the security agreements.

15.

The United States is entitled to foreclose its security agreements and to have the

chattels sold after advertisement by the United States Marshal and to have and receive the

proceeds of the sale, after the payment of the costs of this action and the costs of the sales

applied to the indebtedness described above against defendants Darry Neff, Beverly Neff,

and Wilbert Neff pursuant to the Amended Stipulation for Entry of Judgment entered into

between the parties as outlined below:

> After payment of the costs of the sale, the proceeds from the sale of the
> farm machinery, other equipment, and inventory, be divided and applied as
> follows:
>
> A.   The proceeds from one 1976 Ford F-150 pick-up shall be applied to amount
>      adjudged to be due and owing to the United States by defendants Darry
>      Neff, and Beverly A. Neff secured by chattels;
>
> B.   The proceeds from one 1981 Ford F-150 pick-up shall be applied to amount
>      adjudged to be due and owing to the United States by defendant Wilbert
>      Neff secured by chattels;
>
> C.   One-half of the remaining proceeds shall be applied to amount adjudged to
>      be due and owing to the United States by defendants Darry Neff, and
>      Beverly A. Neff secured by chattels, and the other one-half of the remaining

proceeds shall be applied to amount adjudged to be due and owing to the United States by defendant Wilbert Neff secured by chattels, and that any surplus proceeds shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

16.

The United States Marshal for the District of North Dakota be directed to take possession of the farm machinery, other equipment, and inventory described in the security agreements, and sell the chattel property.

17.

That the United States Marshal for the District of North Dakota shall sell the chattel property in such location and upon such terms and conditions as the United States Marshal deems appropriate (which may include the option to retain the services of a professional auctioneer), after having advertised in a newspaper of general circulation for a period of two successive weeks in the manner and form prescribed by law.  That the proceeds from the sale, after the payments of the costs of sale, be applied as described in paragraph 15 above, and that any surplus proceeds shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

18.

Defendants Darry Neff, Beverly Neff, and Wilbert Neff shall immediately relinquish possession of the livestock, farm machinery, other equipment and inventory to the United States Marshal and shall cooperate with the United States Marshal in preparing for the sales to be conducted.  That pursuant to the Amended Stipulation for Entry of

Judgment executed by defendants Darry Neff, Beverly Neff, and Wilbert Neff, defendants shall allow for the sale will be held at the location of defendants Darry Neff's, and Beverly Neff's farmstead at a date and time set by the United States Marshal's Service. The proceeds of the sale shall be disbursed as set forth above. Defendants Darry Neff, Beverly A, Neff, and Wilbert Neff will, at least three days prior to the date of the Marshal's sale, assemble and prepare for sale all farm machinery and other equipment and inventory now owned by defendants Darry Neff, Beverly A. Neff, and Wilbert Neff.

19.

That if the foreclosure proceeds distributed to the United States are less than the balance due and owing by defendants Darry Neff, Beverly Neff, and Wilbert Neff on the amount due and owing under the promissory notes, the United States is granted the right to collect such deficiency balance from defendants Darry Neff, Beverly Neff, and Wilbert Neff.

ORDER FOR JUDGMENT

Let judgment be entered accordingly.

Dated this 30th day of June, 2006.

*/s/  Daniel L. Hovland* _____
Daniel L. Hovland, Chief Judge
United States District Court

40